UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.J.B. HILLIARD, W.L. LYONS, INC.,
    Plaintiff,

                                                    Case No. 1:07-cv-811

-v-

                                                    HON. PAUL L. MALONEY

KEVIN H. CLARK, CARLA A. MASSELINK
BRYAN ZICHTERMAN, DANIEL M.
Kleinheksel, MARK L. ZICHTERMAN,
THOMAS BOSCH, SARAH CLARK, DAWN
PHILLIPS, TINA JUNIOR, JILL KONING,
KATHY MUOIO and the LAKESHORE GROUP,
    Defendants.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EXPEDITED
MOTION TO DISMISS OR, ALTERNATIVELY, FOR A STAY OF PROCEEDINGS
AND/OR A PROTECTIVE ORDER

      This matter is before the Court on Defendants' Expedited Motion to Dismiss Or, Alternatively, For a Stay of Proceedings and/or a Protective Order under Fed. R. Civ. P. 12(b)(1) and 26(c) and sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4.

      Plaintiff Hilliard-Lyons filed a complaint and a motion for a temporary restraining order on August 20, 2007. Magistrate Judge Carmody issued a temporary restraining order later that day. A hearing for a preliminary injunction is scheduled for August 28, 2007. On August 21, Defendants filed a motion to dissolve the temporary restraining order. A hearing on the motion was held on August 22 before Magistrate Judge Carmody who then issued a revised temporary restraining order. The revised TRO permitted Plaintiff to begin discovery in aid of the application for a preliminary injunction. Soon after the hearing, Plaintiff submitted a notice of its intent to depose the eleven individually named defendants on Monday, August 27. On

1

August 23, Defendants filed this motion seeking to dismiss the action for lack of subject matter jurisdiction or, in the alternative to stay both discovery and the preliminary injunction hearing and or for a protective order.  Plaintiff filed a response on August 24.

The basis of Defendants varied requests are the Financial Industry Regulatory Authority (FINRA) Rules.[1]  Defendants allege they and Plaintiff are members of or persons associated with FINRA and are subject to FINRA's rules and regulations.  Rule 13200 requires disputes arising out of business activities of members or associated persons to be arbitrated under the Industry Code.  When parties are required to submit a dispute to arbitration, Rule 13804(a)(1) permits the parties to seek a "temporary injunctive order from a court of competent jurisdiction."  The party seeking a temporary injunctive order "must, at the same time, file with the Director a statement of claim requesting permanent injunctive and all other relief with respect to the same dispute ..."  FINRA Rule 13804(a)(2).  Once a court "issues a temporary injunctive order, an arbitration hearing on the request for permanent injunctive relief will begin within 15 days of the date the court issues the temporary injunctive order."  FINRA Rule 13804(b)(1).  FINRA Rules explain how the pending temporary injunctive order may be affected by the arbitration panel.

> Upon a full and fair presentation of the evidence from all relevant parties on the request for permanent injunctive relief, the panel may prohibit all parties from seeking an extension of any court-issued temporary injunctive order remaining in effect, or, if appropriate, order the parties jointly to move to modify or dissolve any such order.  In the event that the panel's order conflicts with a pending court order, the panel's order will become effective upon expiration of the pending court order."  FINRA Rule 13804(b)(5).

I.  Motion to Dismiss

---

[1] The rules were formerly promulgated by National Association of Securities Dealers (NASD).  NASD was absorbed when FINRA was created in July 2007.

2

Defendants argue this Court lacks subject matter jurisdiction and the action should be dismissed because Plaintiff failed to file, at the same time as it filed for injunctive relief with this Court, the statement of claim with the Director as required by 13804(a)(2). Defendant argues Plaintiff failed to serve the statement of claim on Defendants which is also required by the rule. Plaintiff filed its statement of claim with FINRA's Director of Arbitration and served a copy of the statement on Defendants' Counsel on August 21. As the existing TRO was issued after the statement of claim was filed with the Director and served on Defendants, this issue is moot. *See Wells Fargo Investments, LLC v. Bengtson*, 07-cv-3192, 2007 WL 2007997 at *1 (D. Minn. Jul. 9, 2007).

II. Motion for Stay

Alternatively, Defendants argue that all proceedings, including the discovery permitted under the TRO and the hearing for a preliminary injunction, should be stayed pending the arbitration hearing. Defendant relies on a combination of Rule 13804 and the Federal Arbitration Act, Sections 3 and 4. This Court is not persuaded that the portions of the TRO permitting discovery or the hearing for the preliminary injunction must be stayed under Defendant's authority. Rule 13804 permits a party to seek "temporary injunctive relief." Nothing in Rule 13804 explicitly compels a court to refrain from permitting discovery before the arbitration hearing occurs.[2] At least one court has exercised its discretion to deny an expedited discovery requests when granting a preliminary injunction. *See Wells Fargo Investments*, 2007

---

[2]Prior to April 16, 2007 when the NASD rules were revised and the current rules went into effect, the rule permitting a party to seek an injunction was found under Rule 10355. The cases noted in Plaintiff's reponse generally rely on that provision. Those cases granted TROs and allowed expedited discovery pending a hearing on a preliminary injunction.

3

WL 2007997 at 3 ("The Court denies Wells Fargo's request for expedited discovery. This matter will be before the NASD arbitration panel in approximately two weeks, and the NASD has the power to set a schedule for expedited discovery if necessary. Wells Fargo has not articulated a reason that expedited discovery is needed in the interim two-week period."). Had FINRA intended the interpretation offered by Defendants, it could have clearly expressed such intent in the rules.

Defendants' reliance on the Federal Arbitration Act does not compel this Court to a different conclusion. Although arbitration agreements may normally deprive courts of subject matter jurisdiction, FINRA Rules expressly permit the parties to seek a temporary injunctive order with a court of competent jurisdiction. The discovery sought by Plaintiff was permitted as part of the injunctive relief ordered.

III.  Protective Order.

Defendants request a protective order quashing the subpoenas Plaintiff has served. In addition to the eleven depositions scheduled for August 27, Plaintiff submitted 59 requests for production of documents as Exhibit A. The discovery request indicates the documents should be produced within 30 days. The notice of deposition duces tecum states "[e]ach Deponent is requested to bring to said deposition true and accurate copies of any and all documents which he or she utilizes in answering the discovery requests hereto attached as Exhibit A."

A court has discretion to issue a protective order. Fed. R. Civ. P 26(c). The moving party must accompany the motion for a protective order with a certification that he or she has, in good faith, conferred with the other affected parties in order to resolve the dispute without court action. *Id.* The moving party must also establish good cause for the protective order. *Id.*

This Court finds the eleven scheduled depositions to be excessive, oppressive and unnecessary. The purpose of the expedited discovery was to prepare for the preliminary injunction hearing. Plaintiff may depose the four partners of the Clark-Masselink-Zichterman Group: (1) Kevin Clark, (2) Carla Masselink, (3) Bryan Zichterman and (4) Dan Kleinheksel in order to prepare for the August 28 hearing. Any documents those four Defendants may use to answer questions at the depositions and or consulted or reviewed in preparation for the deposition shall be made available to Plaintiff at the deposition. Defendants are relieved, pending further order from the Court, from producing true and accurate copies of any and all documents which he or she utilizes in answering the discovery requests attached as Exhibit A to the Notice of Deposition Duces Tecum dated August 22, 2007.

IV.  ORDER

Defendants' Expedited Motion to Dismiss or, Alternatively, for a Stay of Proceedings and/or A Protective Order (Dkt. No. 17) is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion to Dismiss is **DENIED.** Defendants' Motion for a Stay is **DENIED.** Defendants' Motion for a Protective Order is **GRANTED IN PART AND DENIED IN PART** as explained above in Section III.  **IT IS SO ORDERED.**

Date:  <u>August 24, 2007</u>                                              <u>  /s/ Paul L. Maloney     </u>
                                                                                      Honorable Paul L. Maloney
                                                                                      United States District Judge